RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5 2 OM 06
BY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

VICKIE C. ROBERTSON

versus

JACK STATON and GUFFEY LYNN
PATTISON, in his official capacity as
Sheriff of Sabine Parish

CIVIL ACTION NO. 06-0183
JUDGE TOM STAGG

## MEMORANDUM ORDER*

Before the court is a motion filed by the defendants seeking to set aside the clerk's entry of default. See Record Document 10.

Under Federal Rule of Civil Procedure 55(c), a district court may set aside an entry of default for good cause. Defaults are generally disfavored in the law and should not be granted merely because a defendant has failed to meet a procedural time requirement. All doubts about the propriety of the default should be resolved in favor of a contest on the merits. See Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000). The court has a considerable amount of discretion in determining whether there is good cause to set aside a default. Among the factors often recognized are (1) whether

---

*This order is not intended for commercial print or electronic publication.

the default was willful, (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense is presented, and (4) whether the defendant acted expeditiously to correct the default. See id. "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (quotation and citation omitted). Default judgment is a drastic remedy resorted to only in extreme situations. See id. "[M]ere delay does not alone constitute prejudice," and "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Lacy, 227 F.3d at 293. In the dispute sub judice, no such showing has been made.

The plaintiff's complaint was filed on February 2, 2006. See Record Document 1. The plaintiff filed a summons indicating that service had been made and that answers were due on February 27, 2006. See Record Document 3. The plaintiff requested entry of default approximately eleven days after the answer was due. See Record Document 4. Less than two weeks later, the defendants filed a motion to set aside the entry of the default judgment. See Record Document 10.

The defendants acted expeditiously to correct the default and the brief delay could not conceivably have caused prejudice to the plaintiff's case. There is no evidence that the default was willful. To the contrary, an affidavit submitted by

defense counsel states that the time delay was due to "an oversight and a result of inadvertence on [his] part." Record Document 10, Ex. 1. Furthermore, the defendants also filed an answer, which reflects an intent to defend the case on the merits.

Given the factors and the law discussed herein, the court is of the firm opinion that the clerk's entry of default should be set aside. Any other conclusion would likely result in the sort of reversal that occurred in <u>Lacy</u> when the district court refused to vacate a default under similar, non-willful circumstances. Thus, this court finds that the clerk's entry of default should be set aside. Accordingly;

**IT IS ORDERED** that the motion to set aside the notice of the entry of default (Record Document 10) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 29th day of April, 2006.

JUDGE TOM STAGG

3