RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 11/27/06
BY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

VICKIE ROBERTSON

versus                                                    CIVIL ACTION NO. 06-0183
                                                          JUDGE TOM STAGG
JACK STATON, ET AL.

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendants, Detective Jack Staton ("Detective Staton"), and Sabine Parish Sheriff Guffey Lynn Pattison ("Sheriff Pattison"). See Record Document 24. For the reasons set forth below, Detective Staton and Sheriff Pattison's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

On February 2, 2005, Vickie Robertson ("Robertson") was arrested for theft by Deputy Lyn Montgomery based upon an arrest warrant executed by Justice of the Peace Mike Tarver ("Tarver"). Tarver granted the warrant based on a statement bearing the signature of Renee Sepulvado ("Sepulvado"). Robertson was booked

1

into the Sabine Parish Detention Center and kept overnight.

Robertson alleges that Sepulvado did not sign the typewritten statement and only remembers signing a blank sheet of paper. Robertson believes that Detective Staton typed the statement onto the paper after Sepulvado signed it, and then presented it to Tarver to obtain the arrest warrant. Robertson also argues that even if Sepulvado's statement was true her arrest was wrongful because the underlying facts did not establish a crime but rather a civil dispute.[1]

Robertson filed suit against both Detective Staton and Sheriff Pattison, pursuant to 42 U.S.C. § 1983 under the Fourth and Fourteenth Amendments to the Constitution, and also under Article 1 §§ 2 and 5 of the Louisiana Constitution and Louisiana Civil Code article 2315. She alleges that Detective Staton is responsible for her wrongful arrest and that Sheriff Pattison is vicariously liable as Detective Staton's supervisor. The defendants filed the instant motion arguing that they both are immune from suit under the doctrine of qualified immunity.

---

[1]Robertson refers to a letter from the district attorney stating that he has determined the dispute is civil in nature and should not be pursued as a criminal matter. See Record Document 26, Ex. B2.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

## B. Qualified Immunity.

Detective Staton and Sheriff Pattison assert a defense of qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability for civil damages as long as their conduct does not violate "clearly established rights of which a reasonable person would have known." White v. Taylor, 959 F.2d 539, 544 (5th Cir. 1992)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982) (internal quotations omitted)). "The doctrine of qualified immunity shields a police officer from liability for civil damages when a reasonable officer could have believed that the challenged conduct did not violate clearly established statutory or constitutional rights," White v. Taylor, 959 F.2d at 544. To determine whether the government official is entitled to qualified immunity, the "objective reasonableness of the action" must be examined in light of the legal rules "clearly established" at the time the action was taken. Id. "The law is deemed to be clearly established if the contours of a right asserted are sufficiently clear that a reasonable official would understand that what he is doing violates a right." Id. If reasonable public officials could disagree over whether the defendant's actions were lawful, the defendant is entitled to qualified immunity. See id.

## 1. Claims Against Pattison.

In her complaint, Robertson claims that Sheriff Pattison, as Detective Staton's employer, is vicariously liable in his official capacity for Detective Staton's acts, omissions, and conspiracies under the theory of respondeat superior. See Record Document 1. Also, in Robertson's opposition to the defendants' motion for summary judgment, she relies on vicarious liability as the basis for her claim against Sheriff Pattison. See Record Document 26. However, Robertson states that "[Sheriff Pattison] ultimately determines the efficiency in which his subordinates are performing their duties" and that "Sheriff Pattison feels that [Detective Staton] is very competent in the performance of his job duties, even though many law suits have been filed against [Detective Staton]." Id. Robertson is alleging that Sheriff Pattison's own negligence, in continuing to employ Detective Staton, is responsible for her injuries and is not relying on vicarious liability alone. The court will consider whether Sheriff Pattison was negligent, in addition to whether he is vicariously liable for Detective Staton's actions, in analyzing whether Sheriff Pattison is entitled to qualified immunity in the instant case.

### a. Constitutional Claims.

The Fifth Circuit has held that "[u]nder section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."

5

Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005)(quoting Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001)). In order to establish that a supervisor is liable under section 1983, a plaintiff must show that "(1) the [supervisor] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." Roberts v. City of Shreveport, 397 F.3d at 292 (citing City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989) and Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003)). Accordingly, Sheriff Pattison is immune from any vicarious liability claims Robertson asserts against him for violations of her rights under the United States Constitution. Robertson cannot rely on vicarious liability to hold Sheriff Pattison liable for violations by Detective Staton, but must show Sheriff Pattison was negligent in his own action or inaction.

Robertson does allege that Sheriff Pattison did not respond properly to other lawsuits filed against Detective Staton. However, Robertson has failed to meet her burden in responding to defendants' motion for summary judgment. She has not provided any evidence of other lawsuits filed against Detective Staton to bolster her general allegation. It is insufficient for Robertson to rest "merely upon conclusory allegations, improbable inferences, and unsupported speculation" in responding to

the instant motion for summary judgment. Michaels v. Avitech, Inc., 202 F.3d 746, 755 (5th Cir. 2000)(quoting Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir.1993) (internal quotations omitted)). Robertson's general statement that Sheriff Pattison acted negligently is not enough to meet her burden of showing that a genuine issue of material fact exists on this issue. See Larry v. White, 929 F.2d 206, 211 n. 12 (5th. Cir. 1991)("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence.").

Furthermore, qualified immunity shields an officer from civil liability when a "reasonable officer could have believed that the challenged conduct did not violate clearly established statutory or constitutional rights." White v. Taylor, 959 F.2d at 544. A reasonable officer could have believed that continuing to employ Staton, even after lawsuits were filed against him, did not violate any "clearly established statutory or constitutional rights." Id. Therefore, even if the court considers Robertson's unsupported general allegations as true, the court finds that Sheriff Pattison is still shielded by qualified immunity.[2]

---

[2]Since Robertson has provided no evidence of the number of lawsuits filed against Detective Staton, nor the facts underlying the lawsuits, the court must perform this analysis based on the general allegation alone.

Louisiana applies qualified immunity principles in the same way to state constitutional law claims that parallel entirely section 1983 allegations. See Roberts v. City of Shreveport, 397 F. 3d at 296. Robertson's state constitutional claims are based on the same allegations as her section 1983 claims. Therefore, the court finds that Sheriff Pattison is also shielded by qualified immunity from Robertson's state constitutional law claims.

### b. State Tort Claims.

Robertson also brings state tort claims against Sheriff Pattison under Louisiana Civil Code article 2315. As discussed above, Robertson has not presented any evidence in support of her allegation that Sheriff Pattison acted negligently. Therefore, state claims that Sheriff Pattison was negligent are also unsupported. Furthermore, Louisiana's discretionary immunity statute, Louisiana Revised Statutes § 9:2798.1, confers immunity from suit to state officers when the allegations are based upon the performance of state discretionary acts when such acts are within the course and scope of their lawful powers and duties. See Roberts v. City of Shreveport, 397 F. 3d at 296; see also Smith v. Lafayette Parish Sheriff's Dep't, 2003-517, p. 7 (La. App. 3 Cir. 4/21/04); 874 So. 2d 863, 868 (holding that under La. R.S. § 9:2798.1, sheriff's "hiring/retention was a discretionary act")(citing Gregor v. Argenot Great Cent. Ins. Co., 02-1138, p.7 (La. 5/20/03); 851 So. 2d

959, 964). Even if Robertson's allegations are true, and Sheriff Pattison ignored prior lawsuits against Detective Staton, Sheriff Pattison's decision to continue Detective Staton's employment was discretionary, and liability cannot be imposed under state law.

The only remaining state claims are those based upon a theory of vicarious liability. In order for Sheriff Pattison to be held vicariously liable for intentional acts committed by Detective Staton, Robertson must first prove that Detective Staton in fact committed such acts. As discussed in greater detail below, Robertson has not satisfied her burden of introducing evidence that a genuine issue of material fact exists as to whether Detective Staton committed an intentional tort against her. She offers no support for her allegation that Detective Staton intentionally caused her to be wrongfully arrested. Therefore, this court finds that summary judgement should be granted as to all state tort claims against Sheriff Pattison.

### 2. Claims Against Detective Staton.

Robertson claims that Detective Staton violated her constitutional rights and committed a tort against her by fraudulently obtaining an arrest warrant and wrongfully having her arrested. She claims that Detective Staton told Sepulvado to sign a blank sheet of paper and then, without Sepulvado's knowledge, typed a statement onto the paper and presented it to Tarver as Sepulvado's statement to

fraudulently obtain the arrest warrant. She also claims that even if the statement was made and signed by Sepulvado and was true, the matter was not criminal in nature, and she should never have been arrested. Detective Staton asserts that he is shielded from civil liability by qualified immunity, and that he is therefore entitled to summary judgment and dismissal of Robertson's claims against him.

### a. Constitutional Claims.

Detective Staton argues that Robertson was arrested pursuant to a facially valid arrest warrant and that he is therefore entitled to qualified immunity as to any section 1983 claims against him. In support of his motion for summary judgment, Detective Staton attaches an affidavit by Tarver in which Tarver states that it is his practice to require the person making the statement to sign the statement in his presence before he will issue a warrant based upon the statement. See Record Document 24, Ex. 2. Tarver says that although he does not remember executing this particular warrant, he knows that he would not have issued the warrant without seeing Sepulvado sign the statement. See id.

In her opposition to the defendant's motion for summary judgment, Robertson claims that Sepulvado said that the she did not sign the statement, but rather a blank sheet of paper. This bare allegation is the only support for her contention that Detective Staton forged the statement, and she has not presented any competent

10

summary judgment evidence to bolster this allegation. "Summary judgment is appropriate if [the] 'nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" Michaels v. Avitech, Inc., 202 F.3d at 755 (quoting Krim v. BancTexas Group, Inc., 989 F.2d at 1449). "[I]f the trial court concludes that the scintilla of evidence presented supporting a position is insufficient to allow a reasonable juror to conclude that the position more likely than not is true, the court remains free . . . to grant summary judgment." Michaels v. Avitech, Inc., 202 F.3d at 755 (quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 596, 113 S.Ct. 2786, 2798 (1993)). Robertson has failed to meet her burden of demonstrating a genuine issue of material fact exists as to whether Detective Staton fraudulently obtained the warrant.

In order to effectively assert the defense of qualified immunity, Detective Staton must show that "a reasonable officer could have believed that the challenged conduct did not violate clearly established statutory or constitutional rights." White v. Taylor, 959 F.2d 539, 544 (5th Cir. 1992). Detective Staton rebutted the allegations in Robertson's complaint by introducing the affidavit by Tarver to support his position that the arrest warrant was validly obtained. He also executed a sworn statement where he stated that he did not present Sepulvado's statement to Tarver, but rather Sepulvado did it herself. Robertson has not responded with any

11

evidence to support her allegation that Staton fraudulently obtained the warrant. Therefore, the court must conclude, based upon the evidence, that the warrant was obtained without the use of fraud. A reasonable officer could have believed that obtaining a warrant based on a victim's statement did not violate clearly established statutory or constitutional rights.[3] See id. at 544.

Robertson also claims that Detective Staton is liable for her wrongful arrest because the dispute was later determined to be civil in nature. The fact that the district attorney later made this determination would not have prevented the warrant from appearing to be valid on its face at the time of Robertson's arrest. Sepulvado's statement alleged that Robertson committed theft and a reasonable officer could have concluded that it was valid without noticing the distinction between this civil dispute and criminal theft. Furthermore, the district attorney's decision was discretionary, and another district attorney could have concluded that it was in fact criminal in nature. The reasonable officer cannot be expected to make that distinction. Accordingly, Detective Staton is entitled to qualified immunity and all section 1983

---

[3]Detective Staton says in his sworn statement that he was not present when the warrant was executed. However, in an effort to view the evidence in the light most favorable to Robertson, the court considers in its analysis Tarver's statement alone which only states that he would not have signed the warrant without seeing Sepulvado sign the statement.

12

claims against him are dismissed.

As discussed above in reference to Sheriff Pattison, Louisiana applies qualified immunity principles in the same way to state constitutional law claims that parallel entirely section 1983 allegations. See Roberts v. City of Shreveport, 397 F. 3d at 296. Robertson's state constitutional law claims are the exactly the same as her section 1983 claims, therefore, Detective Staton is entitled to qualified immunity as to those claims just as he is for the section 1983 claims. Accordingly, all state constitutional claims against Detective Staton are also dismissed.

### b. State Law Claims

In analyzing Robertson's state law claims against Detective Staton under Louisiana Civil Code article 2315, the court will consider the arrest warrant used to arrest Robertson to have been facially valid, based upon the reasoning and analysis above.[4] Louisiana's discretionary immunity statute states that liability cannot be imposed upon officers of state public entities "based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." La. R.S. § 9:2798.1. Lawfully obtaining a facially valid arrest

---

[4]See supra at page 12.

warrant is a discretionary act that was within the course and scope of Detective Staton's lawful powers and duties. Therefore, the statute applies to shield Detective Staton from any state law claims against him for his performance of these discretionary acts. Accordingly, the state law claims against Detective Staton are dismissed.

### III. CONCLUSION

Based on the foregoing analysis, Detective Staton and Sheriff Pattison's motion for summary judgment is **GRANTED**. See Record Document 24. All claims by the plaintiff against Sheriff Pattison and Detective Staton are **DISMISSED WITH PREJUDICE.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 21st day of November, 2006.

JUDGE TOM STAGG